IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PRINCE A. FARRAR, #328201        *
        Plaintiff,
    v.        * CIVIL ACTION NO. RWT-06-1541

D. STRONG, CO II        *
        Defendant.
        ***

## MEMORANDUM OPINION

I.    Background

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that on March 22, 2006, while in his cell at the Maryland Correctional Institution in Jessup ("MCIJ"), Correctional Officer Strong shot pepper spray through a crack in his door slot and "walked away and laugh[ed]." (Paper No. 1). Plaintiff alleges that 15 minutes later, he was escorted to the prison hospital; he further contends that Officer Strong[1] made false claims to justify his use of force. (*Id*.).

II.    Dispositive Filings

Defendant has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. (Paper No. 13). On October 24, 2006, Plaintiff's Opposition was received for filing. (Paper No. 15). The case is ready for the Court's consideration, as oral argument is not necessary. *See* Local Rule 105.6. (D. Md. 2004).

III.    Eighth Amendment Standard

A claim of excessive force raised by a prison inmate against a correctional officer involves analysis of both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th

---

[1] The Clerk shall amend the docket to reflect the full name of Defendant CO II Darryl Strong.

Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The court must determine whether, objectively speaking, the officer's actions were harmful enough to offend contemporary standards of decency. *See Hudson*, 503 U.S. at 8. Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321. While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (holding that generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind.").[2]

IV.     Exhaustion Requirement

Defendant first argues that the Complaint is subject to dismissal for the failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with

---

[2] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) whether the inmate sought medical care; (3) whether any injuries were documented in the medical records generated shortly after the incident; and (4) whether the documented injuries are consistent with the prisoner's allegations of excessive force or are more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.

respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

V.     Analysis

The following facts are presented by Defendant. On March 17, 2006, Plaintiff managed to force open the door of his cell, HW-118, in MCIJ's disciplinary segregation unit. He exited his cell armed with a home-made knife or "shank" in his right hand, secured to his wrist with a string. (Paper No. 13, Ex. 1). Plaintiff lunged toward MCIJ Correctional Officers Nivens, Carter, and Fletcher with the knife, which was approximately 6 to 8 inches in length. (*Id.*). Nivens sprayed Plaintiff with an MK-9 Magum fogger. The pepper spray caused Plaintiff to fall to the floor, at which time he was disarmed, handcuffed, placed in leg irons, and secured in cell HW-112 pending repairs to the cell door of HW-118. (*Id.*). He was escorted to the hospital and afforded follow-up treatment for pepper spray exposure without further incident. (*Id.*).

On March 22, 2006, while repairs were being made to his cell door, Plaintiff was handcuffed and temporarily secured in a shower area. (*Id.*). While in the shower area he broke a vent cover and continued to kick the shower grill until returned to his cell. (*Id.*). Defendant states that once back in his cell, Plaintiff started kicking and pulling on the door. (*Id.*). He ignored Defendant's direct orders to stop and managed to come out of his cell. (*Id.*). As Plaintiff approached him, Defendant released a burst of pepper spray which missed Plaintiff and hit the right side of the door of Plaintiff's

cell. (Paper No. 13, Ex. 1). Defendant claims that this caused Plaintiff to step back into his cell and allowed Defendant to shut the cell door. (*Id.*). Plaintiff was taken to the prison clinic. One medical entry states that he voiced no complaints, while another entry notes that Plaintiff complained of mild shortness of breath ("SOB"), but did not report chest pain or eye irritation. (*Id.*, Ex. 2). The objective physical examination and testing revealed no respiratory problem or abnormality. (*Id.*).

Defendant states that as a result of these incidents, Plaintiff was deemed a risk to institutional security and an emergency transfer to the Maryland Correctional Adjustment Center was approved on March 22, 2006. (*Id.*, Ex. 1). According to Defendant, on April 17, 2006, Plaintiff filed an administrative remedy regarding Defendant's alleged actions. (*Id.*, Ex. 3). The remedy was dismissed as untimely and Plaintiff did not appeal the dismissal to Division of Correction Headquarters. (*Id.*, Ex. 4).

The undersigned finds that Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006); *Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam). Plaintiff does not refute Defendant's argument that he abandoned his remedy after an unfavorable ruling by the Warden.[3] Thus, it is clear that he has failed to fully exhaust his administrative remedies as to the claims raised herein, making the Complaint subject to dismissal under 42 U.S.C. § 1997(e).

---

[3] In his Opposition, Plaintiff merely questions the veracity of Defendant's exhibits regarding the presence of maintenance personnel and inmate workers, and the manner and extent to which force was applied. (Paper No. 15).

4

Nonetheless, the Court finds that Plaintiff has failed to establish an Eighth Amendment violation, and shall grant Defendant's summary judgment motion. Plaintiff does not refute Defendant's claim that several days before the incident at issue, he broke out of his segregation cell, brandished a home-made knife, and lunged at officers, forcing the officers to administer a chemical agent to subdue and disarm him. Likewise, Plaintiff does not controvert Defendant's claims that on March 22, 2006, he destroyed property in the shower area, kicked and pulled on his cell door, exited his segregation cell, and refused direct orders to return to his cell, prompting Defendant to apply a burst of pepper-spray.

In this instance the correctional officer's use of the pepper spray was reasonable under the circumstances. Defendant's evidence shows that the force used during the incident was minimal, and employed to return Plaintiff to his cell. While Plaintiff later received medical attention at the prison clinic, Plaintiff does not demonstrate, much less argue, that he experienced an injury from the application of force. At most, he voiced a complaint of mild SOB. Plaintiff has been challenged to come forward with documents, declarations, or affidavits, to refute Defendant's contentions as to the reasons for the application of force, the degree of force used, and the extent of his injuries. He has failed to do so. Plaintiff's injuries, or lack thereof, are totally in character with what a person would experience if indirectly exposed to a short burst of pepper spray, are *de minimis* in nature, and are not indicative of the use of excessive force.

VI. Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendant and against Plaintiff. A separate Order follows.

Date: 11/28/06                                      /s/
                                            ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE